IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY CLIFFORD JACKSON,

    Petitioner,               No. CIV S-10-0504 KJM DAD P

    vs.

G. SWARTHOUT,

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

BACKGROUND

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner challenges the 2007 decision by the California Board of Parole Hearings (hereinafter "Board") finding him unsuitable for parole. Petitioner seeks federal habeas relief on the grounds that the Board failed to consider all relevant information and afford him individualized consideration.  (Pet. (Doc. No. 1) at 9.)  Specifically, petitioner argues that the Board's findings regarding the callous nature of the commitment offense, his residential and employment plans, his past juvenile offenses, and the need for a new psychiatric evaluation, were not supported by "some evidence" as required by the Due Process Clause.  (Id. at 18-21.)

/////

1    Respondent has filed a motion to dismiss the pending habeas petition on the
2 grounds that it was filed after the one-year statute of limitations for seeking federal habeas relief
3 had expired.  Petitioner has filed an opposition to that motion to dismiss and respondent has filed
4 a reply.  However, in light of a recent change in the legal landscape with respect to the scope of
5 federal habeas review of decisions denying parole in California, the court will recommend that
6 the pending habeas petition be summarily dismissed and that respondent's motion be denied as
7 having been rendered moot.

8                                                    ANALYSIS

9 I.  <u>Standards of Review Applicable to Habeas Corpus Claims</u>

10    A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of
11 some transgression of federal law binding on the state courts.  <u>See</u> <u>Peltier v. Wright</u>, 15 F.3d 860,
12 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v.</u>
13 <u>Isaac</u>, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the
14 interpretation or application of state law.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991);
15 <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085.  Habeas
16 corpus cannot be utilized to try state issues <u>de</u> <u>novo</u>.  <u>Milton v. Wainwright</u>, 407 U.S. 371, 377
17 (1972).

18    This action is governed by the Antiterrorism and Effective Death Penalty Act of
19 1996 ("AEDPA").  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d
20 1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting
21 habeas corpus relief:

22    An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall
23    not be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of the
24    claim -

25    (1) resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established Federal law, as
26    determined by the Supreme Court of the United States; or

                                                        2

1  (2) resulted in a decision that was based on an unreasonable
2  determination of the facts in light of the evidence presented in the
   State court proceeding.

3  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362
4  (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).  If the state court's decision
5  does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review
6  of a habeas petitioner's claims.  Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008).  See
7  also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we
8  may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error,
9  we must decide the habeas petition by considering de novo the constitutional issues raised.").

10  The court looks to the last reasoned state court decision as the basis for the state
11 court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  See also Barker v.
12 Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated
13 a claim, we analyze the last reasoned decision").  If the last reasoned state court decision adopts
14 or substantially incorporates the reasoning from a previous state court decision, this court may
15 consider both decisions to ascertain the reasoning of the last decision.  Edwards v. Lamarque,
16 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  Where the state court reaches a decision on the
17 merits but provides no reasoning to support its conclusion, a federal habeas court independently
18 reviews the record to determine whether habeas corpus relief is available under § 2254(d).
19 Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167
20 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's
21 claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not
22 apply and a federal habeas court must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052,
23 1056 (9th Cir. 2003).

24  Finally, "[i]f it plainly appears from the face of the petition . . . that the petitioner
25 is not entitled to relief in the district court, the judge shall make an order for its summary
26 dismissal . . . ."  Rule 4, Rules Governing § 2254 Cases.  Rule 4 "'explicitly allows a district

3

court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

II. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority). In California, a prisoner

4

is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860 et seq.  The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862.  The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.

III.  Petitioner's Claim

As noted above, petitioner seeks federal habeas relief on the grounds that the Board's 2007 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law.  However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. 131 S. Ct. at 862-63; see also

/////
/////
/////

5

Kunkler v. Muntz, No. 06-55555, 2011 WL 830647, at *1 (9th Cir. Mar. 9, 2011)[1] ("[F]ederal habeas review of California parole decisions is limited to procedural due process, namely whether the state parole applicant had an opportunity to be heard and received a statement of the reasons underlying the denial of parole.")

The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2007 parole suitability hearing. The record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. (Pet. ( Doc. No. 1) at 95-96, 149, 155-171.) That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862. It now plainly appears that petitioner is not entitled to relief with respect to his claim that the decision to deny him parole was not supported by some evidence. Therefore, his petition should be summarily dismissed for failure to state a cognizable claim for federal habeas relief.[2]

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 20, 2010 motion to dismiss (Doc. No. 15) be denied as moot; and

2. The petition for a writ of habeas corpus be summarily dismissed with prejudice for failure to state a cognizable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

---

[1] Citation to this unpublished decision issued after January 1, 2007, is appropriate pursuant to Ninth Circuit Local Rule 36-3.

[2] In light of this conclusion, the undersigned will recommend that respondent's motion to dismiss the petition as barred by the applicable statute of limitations be denied as moot.

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: March 31, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jack0504.f&r